T.C. Memo. 2003-291

UNITED STATES TAX COURT

RICHARD A. BRUNSMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7662-02.               Filed October 16, 2003.

Richard A. Brunsman, pro se.

<u>Lorianne D. Masano</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $7,416 and an accuracy-related penalty under
section 6662(a)[1] of $1,810 in petitioner's 1999 Federal income

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

tax. After concessions,[2] the issues are whether petitioner is liable for the tax on $4,403 of unreported income and the accuracy-related penalty under section 6662(a). Petitioner resided in Orlando, Florida, at the time the petition was filed.

## Background

Petitioner was employed with Sparks-Piper Exhibits & Environments, Inc. (Sparks-Piper) until September of 1999 when he started employment with Czarnowski Display Services, Inc. (Czarnowski). Petitioner remained an employee of Czarnowski for the remainder of the 1999 taxable year. Petitioner purchased various business items for Czarnowski, and was reimbursed for those amounts. During 1999, Czarnowski issued 14 payments to petitioner: 10 payments of $1,500 each and the remaining four payments were in the amounts of $4,600, $2,500, $2,838.18, and $1,875.95.

Sparks-Piper reported petitioner's wages of $51,217 on Form W-2, Wage and Tax Statement. Czarnowski reported nonemployee compensation paid to petitioner of $26,814 on Form 1099-MISC,

---

[2] In the notice of deficiency, respondent asserts that petitioner received, but did not report, $26,814 of nonemployee compensation and $550 of unemployment compensation. Petitioner concedes that he is liable for the tax on $17,214 of compensation, and the parties concede that petitioner is liable for the tax on $100 of unemployment compensation. Respondent concedes that petitioner was an employee of Czarnowski, and of the $26,814 petitioner received, $5,197 represents reimbursement for employee business expenses. Thus, the amount of compensation in dispute is $4,403.

Miscellaneous Income.  Czarnowski submitted the Form 1099-MISC to respondent; petitioner, however, alleges that he did not receive the Form 1099-MISC.  Petitioner, in preparing his 1999 Federal income tax return, reported the $51,217 of wages from Sparks-Piper, but he failed to report the $26,814 of compensation received from Czarnowski.

## Discussion

### Unreported Income

Petitioner asserts that he is not liable for the tax on the compensation received from Czarnowski because he did not receive the Form 1099-MISC.  Section 61(a)(1) provides that "gross income means all income from whatever source derived, including * * * Compensation for services".  Petitioner's compensation from Czarnowski falls within this category, regardless whether petitioner received the Form 1099-MISC.

Alternatively, petitioner argues that $4,403 of the compensation represents the sale of assets to Czarnowski.  The amount received less the adjusted bases in the assets would still be income to petitioner.  See secs. 61(a)(3), 1001, 1011. Petitioner has the burden to establish that he sold assets to Czarnowski and to establish his bases in the assets sold.  See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

---

[3] Sec. 7491(a) does not apply because petitioner failed to maintain adequate records.

While we are willing to assume that petitioner sold some assets to Czarnowski, petitioner failed to provide any information concerning the identity of the assets, the bases of the assets, or when they were purchased. Without this information, we can only find that the entire amount received constituted taxable income to him. Respondent is sustained on this issue.

Accuracy-Related Penalty

Section 6662 imposes an accuracy-related penalty "equal to 20 percent of the portion of the underpayment" of tax attributable to "Any substantial understatement of income tax." Sec. 6662(a) and (b)(2). A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $5,000. Sec. 6662(d)(1)(A).[4]

A taxpayer is relieved of the accuracy-related penalty "if it is shown that there was a reasonable cause * * * and that the taxpayer acted in good faith". Sec. 6664(c)(1).[5] Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances, and, most

---

[4] It is unclear whether, after respondent's concessions, a substantial understatement of income remains. We leave this issue for resolution in the Rule 155 computations.

[5] Respondent has satisfied his burden of production under sec. 7491(c).

importantly, the extent to which the taxpayer attempted to assess the proper tax liability. See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner argues that he had reasonable cause for the failure to report the compensation from Czarnowski because he did not receive the Form 1099-MISC, the receipt of which would have "notified him of the believed inaccuracy and afforded him the opportunity to act in accordance with such." Petitioner held two jobs in 1999, but he reported only the wages he received from Sparks-Piper. Petitioner did not need to receive a Form 1099-MISC to be alerted to the fact that he received compensation from Czarnowski for his services.

Alternatively, petitioner claims there is substantial authority that he was an employee, and not an independent contractor, of Czarnowski. Section 6662(d)(2)(B)(i) provides that "The amount of the understatement * * * shall be reduced by that portion of the understatement which is attributable to * * * the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment". Respondent has conceded that petitioner was an employee of Czarnowski.

Nevertheless, this concession does not relieve petitioner of his duty to report income correctly on his return. See <u>Grooms v. Commissioner</u>, T.C. Memo. 1992-291. Accordingly, we sustain respondent's determination.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>